**TECHNICOLOR USA HOLDINGS, INC.**, as successor in interest to new CCI, Inc. and subsidiaries, Appellant

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 07–2398.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) July 24, 2008.

Filed: July 28, 2008.

William E. Bonano, Pillsbury, Madison & Sutro, San Francisco, CA, for Appellant.

Bethany B. Hauser, United States Department of Justice Tax Division, Washington, DC, for Commissioner of Internal Revenue.

Before: McKEE, FUENTES and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Technicolor Holdings, Inc. appeals the denial of a deduction under § 165 of the Internal Revenue Code, 26 U.S.C. § 165, for the loss of relationships with three of its film processing customers because the Tax Court found that there was zero basis in the relationships because they had no useful life.[1] On appeal, Technicolor argues that the Court erred because each of the customer relationships had a reasonably ascertainable value. We will affirm the Tax Court's conclusion.

The evidence here indicates that the film processing industry became extremely competitive in the 1980's. This led to a high rate of client turnover, which caused Technicolor to lose many of its customers despite its previous long-term relationships. At the same time, Technicolor gained new customers. The evidence thus shows that the long-term history of Technicolor's customer relationships is not indicative of their strength at the time it was acquired by Carlton Communications Plc in 1998.

---

1. Under § 165, the amount of a deduction is limited to the taxpayer's adjusted basis in a lost asset. 26 U.S.C. § 165(b).

We agree with the Tax Court that the client relationships at issue here had no useful life. Any expectation that the customer relationships were likely to continue into the future was unreasonable because of the intense competition in the film processing market in the 1980's. *See Capital Blue Cross & Subsidiaries v. Comm'r,* 431 F.3d 117, 126 (3d Cir.2005) ("[A]n at-will relationship may constitute a valuable asset if it is reasonably likely to continue into the future.").

We also reject Technicolor's argument that the Tax Court's finding was incorrect because it failed to establish the existence of goodwill or going concern assets other than customer relationships to account for the agreed Class IV basis. The Court found that Technicolor "had an experienced management team, sophisticated equipment, and proximity to the studios' filming locations. In addition, personal relationships, between Technicolor's and the major film studios' executives, facilitated client development and retention." The evidence supports the Commissioner's contention that these factors account for the Class IV basis.[2]

Accordingly, we will affirm the Order of the Tax Court entered April 10, 2007.

---

**2.** We need not address Technicolor's contention that the Tax Court applied the incorrect valuation burden and an improper standard to determine the separate values of the relationships at issue here because we agree with the Court that they had no useful life.